IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**TEVIN JERROD BREVARD,**

    Plaintiff,

v.                                                                               Civil Action No. **3:19CV54**

**D. HACKWORTH,** *et al.*,

    Defendants.

## MEMORANDUM OPINION

Tevin Jerrod Brevard, a Virginia inmate proceeding *pro se* and *in forma pauperis* filed this 42 U.S.C. § 1983 action. By Memorandum Order entered on July 26, 2019, the Court directed Plaintiff to file a Particularized Complaint. (ECF No. 18.) Plaintiff filed a Particularized Complaint. (ECF No. 23.) The matter is now before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. As discussed below, Brevard's claim and the action will be dismissed without prejudice for failure to state a claim.

### I.     PRELIMINARY REVIEW

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "an indisputably meritless legal theory," or claims where the "factual contentions are clearly baseless." *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d

761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. BREVARD'S ALLEGATIONS AND CLAIM

Brevard's Particularized Complaint is terse and difficult to decipher. Brevard alleges that Defendants David Hackworth, Lt. Col. Waltz, Felicia Cowen, and Jane Doe violated his Eighth Amendment rights. (Part. Compl. 1.) Brevard states as follows:[1]

> The plaintiff argues that pursuant to 42 U.S.C. § 1983, that Hampton Roads Regional Staff and Mental Health Staff that work there . . . move[d] me to Housing Three after I told them and wrote statement forms and wrote in the kiosk as well, that I fear for my safety in all of Housing Three at the Hampton Roads Regional Jail in February 2019 . . . .
>
> . . . .
>
> The Plaintiff was move[d] out of the mental health pod out of retaliatory action at the Regional Jail to Housing Unit Three (Max pod) in the jail . . . .
>
> STATEMENT OF FACTS
> The plaintiff, Mr. Tevin J. Brevard, was being detain[ed] at the Hampton Roads Regional Jail, in Portsmouth, Virginia, when inmate Brevard gave two Hampton Roads Regional Jail statement forms to Hearing an[d] Grievance Officer James prior to writing several requests into the kiosk, [stating] that inmate Brevard fear[ed] for his safety in all of Housing Unit Three . . . . Prior to Psychiatrist Siduh diagnos[ing] inmate Brevard with Schizo-effective disorder, she told him that general population was deteriorating an[d] making his mental health worse, an[d] Jane Doe in classification an[d] mental health ignore[d] Psychiatrist Siduh's recommendation. They [were] retaliatory to my claim because I had [taken] out charges against Officer Jennifer Jiminez so the getting back was throwing me back in general population in Housing Unit Three an[d] taking me out of the mental

---

[1] The Court corrects the capitalization, spelling, spacing, and punctuation in the quotations to the Complaint. In some instances, where a sentence is confusing as written, the Court changes the language to reflect what the Court believes Brevard intends to communicate.

3

health pod. Mr. Brevard went down there in February 2019 which the camera will show that an inmate told Brevard he was going to kill him if he stay[ed] in Housing Unit Three so Mr. Brevard went on suicide watch at H.R.R.J. that night. Mr. Brevard [experienced] physical and emotion[al] pain and mental anguish due to H.R.R.J. staff trying to get him killed while going through trial with Officer Jiminez and Nurse Nicole DeSouza.

<u>Claim (1)</u>
The plaintiff avers that . . . his Eighth Amendment constitutional rights were violat[ed] to the point that trigger[ed] an act of cruel and unusual punishment, by the put[ting] in statement forms and writing into the kiosk telling staff and classification Jane Doe that he fear[ed] for his safety in all of Housing Three. . . . H.R.R.J. is required by the City of Portsmouth in order to operate by law, required to carry adequate insurance (or) to have sufficient assets. The pro se Plaintiff states that Hampton Roads Regional Superintendent David Hackworth, Lt. Col. Waltz, [] Major Felicia Cowan, [and] Jane Doe [are] liable parties.

The Hampton Roads Regional Jail must be named in this lawsuit[2] because to continue, for this Regional Jail to operate after the Justice Department has reported that the employees at the jail are violating its inmate's civil rights. This is knowledge.

In closing, the plaintiff request[s] prayer for relief in the merits of the lawsuit claim to order H.R.R.J. Superintendent Hackworth, et al. . . .

(*Id.* at 2.) Brevard did not provide his prayer for relief in his Particularized Complaint. In his original complaint, however, Brevard indicated that he sought monetary damages of 1.5 million and injunctive relief "to get out of this jail." (Compl. 5, ECF No. 1.)

---

[2] Brevard was required to list all Defendants in the first paragraph of his Particularized Complaint. (ECF No. 18, at 2.) Brevard did not comply with that directive, but he did list the Defendants in the caption. Brevard did not include the Hampton Roads Regional Jail in his list of Defendants in the caption and the Court will not consider the Jail a Defendant for that reason. Moreover, the Hampton Roads Regional Jail is not a person amenable to suit under § 1983. Neither "inanimate objects such as buildings, facilities, and grounds" nor collective terms such as "staff" or "agency" are persons amenable to suit under § 1983. *Lamb v. Library People Them*, No. 3:13–8–CMC–BHH, 2013 WL 526887, at *2-3 (D.S.C. Jan. 22, 2013) (citations omitted) (internal quotations omitted) (explaining the plaintiff's "use of the collective term 'people them' as a means to name a defendant in a § 1983 claim does not adequately name a 'person'"); *see Preval v. Reno*, No. 99–6950, 2000 WL 20591, at *1 (4th Cir. 2000) (citations omitted) (affirming district court's determination that Piedmont Regional Jail is not a "person" under § 1983).

## III. ANALYSIS

### A. Claim for Injunctive Relief is Moot

To the extent that Brevard sought injunctive relief in the form of a transfer to a different institution, that claim is now moot. Brevard has been transferred several times since he filed this action and is currently housed in the Greensville Correctional Center. (*See* ECF No. 21.) "[A]s a general rule, a prisoner's transfer or release from a particular prison moots his claims for injunctive and declaratory relief with respect to his incarceration there." *Rendelman v. Rouse*, 569 F.3d 182, 186 (4th Cir. 2009) (citing *Incumaa v. Ozmint*, 507 F.3d 281, 286–87 (4th Cir. 2007)); *see Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991); *Taylor v. Rogers*, 781 F.2d 1047, 1048 n.1 (4th Cir. 1986). Here, Brevard's demand for injunctive relief pertains to his detention in the Hampton Roads Regional Jail and his desire to be transferred. That has occurred. Brevard is no longer in the custody of the Hampton Roads Regional Jail. Accordingly, Brevard's demand for injunctive relief will be DISMISSED AS MOOT.

### B. No Personal Liability

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of a constitutional right or of a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) (citations omitted). To state a legally sufficient claim for an alleged violation of a federal constitutional right, "[a] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Id.* Accordingly, the plaintiff must allege facts that affirmatively show "that the official charged

acted personally in the deprivation of the plaintiff['s] rights. *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977) (internal quotation marks omitted). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa. 1968)). Although Brevard briefly mentions each of the Defendants in the body of the Particularized Complaint, he fails to allege facts indicating that they were personally involved in the deprivation of his Eighth Amendment rights. First, Brevard's Particularized Complaint is completely devoid of any facts that would plausibly suggest that Defendants Hackworth, Waltz, or Cowan were personally involved in the decision to place Brevard in Housing Unit Three. Accordingly, any claims against Defendants Hackworth, Waltz, and Cowan will be DISMISSED WITHOUT PREJUDICE.

Second, with respect to Jane Doe, who was apparently in "classification," at most, Brevard states that he "put in statement forms and writing into kiosk telling staff and classification Jane Doe that he fear[ed] for his safety in all of Housing Three." (Part Compl. 2.) Brevard, however, fails to allege facts indicating that Jane Doe had any personal involvement in the decision to place him in Housing Unit Three.

Moreover, while an inmate's grievances or letters to prison administrators may establish a basis for § 1983 liability, the plaintiff must allege facts that suggest "that the communication, in its content and manner of transmission, gave the prison official sufficient notice to alert him or her to 'an excessive risk to inmate health or safety." *Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996) (quoting *Farmer*, 511 U.S. at 837). Accordingly, Brevard must allege facts indicating that because of the purported grievances, Defendant Jane Doe "knew of a constitutional deprivation and

approved it, turned a blind eye to it, failed to remedy it, or in some way personally participated." *Id.* at 994 (citing *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995)). As a preliminary matter, Brevard fails to allege facts that would plausibly suggest that Jane Doe personally received and reviewed his "statement forms" or his submissions to the "kiosk." (Part Compl. 2.) Brevard also fails to allege facts indicating that Jane Doe knew of a constitutional violation and simply ignored it or somehow personally participated in the violation. *Vance*, 97 F.3d at 994. Accordingly, any claim against Defendant Jane Doe will be DISMISSED WITHOUT PREJUDICE.

### III. CONCLUSION

For the foregoing reasons, Brevard's claim for injunctive relief will be DISMISSED AS MOOT. Brevard's remaining claims are DISMISSED WITHOUT PREJUDICE. The action will be DISMISSED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 27 September 2015
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

7